## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Martin Carpenter and Jaclyn Ott on behalf of Themselves and all Others Similarly Situated, | Case No. 21-CV-02268 (PJS/ECW) |
| Plaintiffs, | |
| v. | **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE CLASS ALLEGATIONS** |
| Marathon Petroleum Corporation and St. Paul Park Refining Co. LLC, DBA Marathon St. Paul Park Refinery, | |
| Defendants. | |

In its initial Memorandum ("Mem."), Marathon showed that (1) Plaintiffs' nuisance, negligence, and strict liability claims for environmental harms require individualized proof under the governing Minnesota law, (2) this individualized proof defeats classwide treatment, and (3) because this defect is legal in nature, apparent on the face of Plaintiffs' complaint, and not dependent on any amount of fact or expert discovery, the class allegations should be stricken now under binding Eighth Circuit precedent.

Rather than refute these core legal principles, Plaintiffs' Opposition ("Opp.") evades them. Plaintiffs attempt to distinguish long-standing Minnesota Supreme Court precedent on nuisance based on a procedural technicality. Plaintiffs incorrectly claim that *Donelson v. Ameriprise Financial Services, Inc.*, 999 F.3d 1080 (8th Cir. 2021), applies only to securities claims, despite its broad language. And in response to Marathon's assertion that no Minnesota court has ever certified a class like this one, Plaintiffs are

172351501

conspicuously silent. Instead, Plaintiffs provide an appendix of cherry-picked, out-of-state, out-of-circuit decisions, none of which is based on the substantive Minnesota law at the core of this motion. Plaintiffs' evasions cannot refute binding legal precedent. In the end, Plaintiffs are left with little more than the repeated assertion that motions to strike are "disfavored and infrequently granted." (Opp. at 1, 3, 17.) That boilerplate language, taken out of context, comes from the very Eighth Circuit decision in *Donelson* that compels striking Plaintiffs' class allegations here.

Because the legal defect in Plaintiffs' class allegations is apparent now, based solely on the pleadings and as a matter of law, and because allowing class discovery will merely impose unnecessary expense, burden, and prejudice, Marathon's motion should be granted.

## **ARGUMENT**

## I.   **MARATHON'S MOTION IS RIPE. PLAINTIFFS HAVE FAILED TO DEMONSTRATE THEY CAN PROVE CLASS ALLEGATIONS IN THIS CASE WITH COMMON PROOF.**

Plaintiffs contend at the outset that the motion to strike is premature. (Opp. at 5-6.) In Plaintiffs' view, the Court should first require the parties to engage in extensive discovery, and only then evaluate whether the claims are legally defective or whether they satisfy Rule 23. In doing so, Plaintiffs sidestep the burden of proof on Rule 12(f) motions and ignore the Eighth Circuit's holding in *Donelson*.

As with other Rule 12 motions, the movant on Rule 12(f) bears the initial burden of showing a pleading is legally defective. *See, e.g., Red Label Music Publ'g, Inc. v. Chila Productions*, 388 F. Supp. 3d 975, 980 (N.D. Ill. 2019) (discussing Rule 12(f)

172351501

motions); *cf. Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016) (discussing Rule 12(b)(6) motions). But once a movant satisfies that burden, the class proponent "bears the burden of advancing a *prima facie* showing that the class action requirements of Fed. R. Civ. P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations." *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985); *Bennett v. Nucor Corp.*, No. 3:04-CV-00291, 2005 WL 1773948, at *2 n.2 (E.D. Ark. July 6, 2005) (applying *Bolger*).[1]

Marathon has demonstrated Plaintiffs' class allegations are legally defective under Minnesota law. But Plaintiffs fail to advance a *prima facie* case because they have not explained, and cannot explain, how discovery could overcome the legal deficiencies in their class allegations. Instead, Plaintiffs focus on whether allegations of individual injury to the named Plaintiffs are *plausible*, asserting they have set forth "a wealth of specific facts" that Marathon has interfered with "Plaintiffs and class members common use and enjoyment of their property."[2] (Opp. at 10.)

There are at least two problems with this response. First, there is no cause of action for "common use of property." That is a *public* nuisance, which Plaintiffs do not

---

[1] A recent decision illustrates this *prima facie* requirement. *See In re Ry. Indus. Emp. No-Poach Antitrust Litig.*, 395 F. Supp. 3d 464, 505-06 (W.D. Pa. 2019). There, the court examined a motion to strike an antitrust class on the basis that the plaintiffs did not make a *prima facie* case for common proof of antitrust impact. *Id*. Instead, plaintiffs offered allegations that they were "plausibly subject to harms." *Id*. at 506. But plaintiffs did not go the next step to show that merely plausible injury could be established at trial by common proof, so the court granted the motion and struck the class allegations. *Id*.

[2] Plaintiffs' other response is to cite to case law from other jurisdictions that applies different state law, rather than the unique Minnesota law that governs Plaintiffs' claims in this case. *See infra* Part II.A.

3

and cannot allege. The putative class does not hold common property, and private nuisance is not a remedy for "common property." Plaintiffs' use and enjoyment of their own individual property—and whether that enjoyment was interfered with—requires individual assessments under Minnesota law. (Mem. at 13-18.)

Second, the plausibility standard is irrelevant. This is not a motion to dismiss under Rule 12(b)(6). Plaintiffs cannot satisfy their burden in a Rule 12(f) motion merely by reciting defective allegations in the complaint. (Opp. at 10-11.) Those allegations—detailed as they may be—relate to *individual* harms, such as residents making complaints, rather than common harms across a potential class of plaintiffs. None of those allegations, individually or together, establishes a *prima facie* case that the proponents can meet the elements of their state-law claims—now or after discovery—by common proof in satisfaction of Rule 23. Nor could they; Plaintiffs cannot make a *prima facie* case because their causes of action are not susceptible to common proof, making the class allegations legally defective. (*See* Opp. at 10-22; and Section II, *infra*.)

The Eighth Circuit recently explained how to analyze—and when to strike—legally defective class allegations like these. In *Donelson*, the district court had denied a motion to strike class allegations related to securities fraud claims as premature, allowing the plaintiff to explore in discovery whether class treatment was appropriate. *Donelson v. Ameriprise Fin. Servs., Inc.*, No. 4:18-cv-01023-HFS (W.D. Mo. Dec. 3, 2019) [Docket No. 75].[3] The Eighth Circuit reversed, holding that because it was "apparent from the

_____

[3] A true and correct copy of the district court's decision in *Donelson* is attached at Exhibit A to the accompanying Declaration of Andrew W. Davis.

pleadings that Donelson could not certify a class," the district court abused its discretion

in allowing discovery to move forward. *Donelson*, 999 F.3d at 1092. In doing so, the

court expressly held that motions to strike class allegations are *not* premature if the legal

defect is apparent at the pleadings stage:

> It is sensible to permit class allegations to be stricken at the pleading
> stage if it is apparent from the pleadings that the class cannot be
> certified because unsupportable class allegations bring impertinent
> material into the pleading and permitting such allegations to remain
> would prejudice the defendant by requiring the mounting of a
> defense against claims that ultimately cannot be sustained.

*Id.* (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure

§ 1383 (3d. Ed. 2008)) (internal quotations omitted).

In analyzing whether a legal defect exists that would defeat class allegations,

*Donelson* examined the *legal elements* of the plaintiff's claims to determine whether they

are subject to "generalized class-wide proof." *Id*. at 1093. If a "significant number of

individualized factual and legal issues exist where members of a proposed class will need

to present evidence that varies from member to member," the motion must be granted. *Id*.

Even if some element of the claim is subject to class-wide proof, other elements that "still

need to be resolved household by household" warrant granting a motion to strike. *Id*.

(quoting *Ebert v. General Mills*, 823 F.3d 472, 479-81 (8th Cir. 2016)). Critically,

*Donelson* concluded that the elements of *causation* and *harm* present in each of

plaintiffs' securities law claims—the same elements required for Plaintiffs' claims in this

case—would require individualized proof and would "need to be resolved separately for

each class member." *Id.* (citing *Ebert*, 823 F.3d at 479-81). While *Donelson* did not recite

the burden of proof, it necessarily determined the class proponents were unable to prove individual harms on a classwide basis.

Rather than confront *Donelson* on this point, Plaintiffs stake their prematurity argument entirely on the district court decision in *Keech v. Sanimax USA, LLC*, CV 18-683 (JRT/HB), 2019 WL 79005 (D. Minn. Jan. 2, 2019). But *Keech* was decided before *Donelson* and likely does not survive it. Instead of *Donelson's* examination of legal elements, *Keech* applied a more generalized "conceivability" test. Instead of requiring Plaintiffs to make a *prima facie* showing that they could overcome the legal defects in the elements of the causes of action, *Keech* concluded that "the court cannot say" the issues were not susceptible to common proof. *Id.* at 3, 5. Indeed, this formulation seemed to place the burden on either defendants or the district court to identify every possible method of classwide proof.

Yet *Keech* also went out of its way to express skepticism over whether class allegations like this one could be certified after discovery. The court deemed it "unlikely" that Keech could prove nuisance on a classwide basis; noted that it "seemed likely that some of these issues will require individualized determinations"; opined that it was "perhaps likely" that "numerous individualized determinations will be necessary" to prove nuisance; and stated that "injury and proximate cause may require a more individualized determination" to prove negligence. *Id.* at **3-5. These phrases are nearly verbatim to phrases *Donelson* used in *reversing* the district court's denial of a motion to strike as premature. *See Donelson*, 999 F.3d at 1093 ("At least three of these four elements would require a significant number of individualized factual and legal

determinations to be made . . . ."). After *Donelson*, the very observations made by the court in *Keech* in denying the motion to strike, would now compel granting it.

Plaintiffs' attempt to distinguish *Donelson* is unpersuasive. Plaintiffs' main contention is that *Donelson* was not an emissions case. (Opp. at 14-15.) But *Donelson*'s holding on the propriety of early motions to strike is not unique to securities law. Nothing in the text of the decision limits it to securities law claims; rather, the holding at issue pertain to Rules 12 and 23 and how they were misapplied by the district court that denied the motion to strike class allegations (precisely the mistake Plaintiffs invite this Court to make). Indeed, *Donelson* itself relied heavily on the Eighth Circuit decision in *Ebert*, which, like this case, was an emissions case (involving nuisance and negligence for vapor intrusion). *Donelson*, 999 F.3d at 1093-94; (*see also* Mem. at 15-16 and *infra* Part II.B (discussing *Ebert*).) The rule of decision in *Donelson* is broadly stated, and courts in the Eighth Circuit have applied it broadly in the seven months since *Donelson* was decided, including in cases involving products liability,[4] strict liability and negligence,[5] and employment discrimination.[6]

In short, Marathon's motion to strike is ripe now. No amount of discovery will cure the legal defect in Plaintiffs' class allegations.

---

[4] *Drew v. Lance Camper Mfg. Corp.*, 3:21-CV-05066-RK, 2021 WL 5441512, at *6 (W.D. Mo. Nov. 19, 2021).

[5] *Anderson v. R.J. Reynolds Tobacco Co.*, 4:20-CV-01610-MTS, 2021 WL 3525165, at *7 (E.D. Mo. Aug. 11, 2021).

[6] *Hogan v. Wal-Mart Stores E., LP*, 4:21-CV-78 RLW, 2021 WL 3363149, at *3 (E.D. Mo. Aug. 3, 2021).

## II.   MINNESOTA LAW DOES NOT ALLOW COMMON PROOF FOR PLAINTIFFS' CLAIMS.

Plaintiffs' claims of nuisance, negligence, and strict liability each include elements of causation and harm that both dominate cases like this and, under Minnesota law, require individualized proof: property-by-property assessments of the presence (if any), amount, cause, and effects of contaminants allegedly emitted by the Refinery. Minnesota and Eight Circuit law is clear and unanimous on this point, and Plaintiffs' attempts to distinguish this controlling case law are futile.

### A.   *Hill* Forecloses Plaintiffs' Class Allegations.

Plaintiffs' brief is notable for what it lacks: *any* citation to Minnesota case law supporting class certification of emissions cases like this one. Instead, in response to Defendants' assertion that no Minnesota court has ever certified a class like this one (Mem. at 12), Plaintiffs offer a handful out of state cases that certified environmental classes. None is persuasive because none applied Minnesota law.[7] While Plaintiffs have combed 20 years of the national reports for cases certifying classes like these under other states' laws, Marathon could just as easily cite a litany of cases from other jurisdictions

---

[7] In addition, in Plaintiffs' Exhibit 1, six of the seven class certification cases are settlement classes. *See* Pl. Ex. 1. The crux of this Motion is that Plaintiffs cannot *prove* their claims under Minnesota law without the numerous individual issues predominating *at trial*—*i.e.*, a contested class case. These issues, however, are moot in settlement class cases. *See Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 620 (1997) (for settlement classes, the court need not address trial management because "the proposal is that there be no trial").

172351501

applying their own state law and denying certification or striking class allegations.[8] Ultimately, this exercise proves futile, because the Court must apply Minnesota substantive law.

And Minnesota substantive law is clear: an emissions class cannot be certified. In *Hill v. Stokely-Van Camp, Inc.*, 109 N.W.2d 749, 753-54 (Minn. 1961), the Minnesota Supreme Court established that environmental nuisances based on emissions are not subject to common proof. (Mem. at 11-12.) Because *Hill* is directly on point and effectively addresses Plaintiffs' argument, its description of the proof required for nuisance is worth quoting at length:

> Whether a private nuisance exists for which damages may be recovered by a private person presents a question of fact. To establish that fact, proof is necessary as to the effect and consequences of the thing claimed to affect such person or his property injuriously. It is obvious that in this case the location of the alleged nuisance with respect to the location of plaintiff's property; whether plaintiff's property lies upstream or downstream from the alleged pollution; the distance of plaintiff's

---

[8] *See, e.g., Church v. Gen. Elec. Co.*, 138 F. Supp. 2d 169, 182 (D. Mass. 2001) (no predominance on nuisance and trespass claims alleging property damage due to contamination); *Benefield v. Int'l Paper Co.*, 270 F.R.D. 640, 651 (M.D. Ala. 2010) (issues of causation and damages preclude class certification in a noxious odor and contamination case); *See also Lee-Bolton v. Koppers Inc.*, 319 F.R.D. 346, 386 (N.D. Fla. 2017) (class certification denied because claims alleging property damage for contamination require "plaintiff-by-plaintiff scrutiny"); *Modern Holdings, LLC v. Corning, Inc.*, No. 5:13-CV-00405-GFVT, 2018 WL 1546355, at *16 (E.D. Ky. Mar. 29, 2018) (individual issue predominate and no commonality in a contamination case); *Duffin v. Exelon Corp.*, No. CIV A 06 C 1382, 2007 WL 1385369, at *3 (N.D. Ill. May 4, 2007) (class certification inappropriate for claims of property damage due to contamination); *Georgia-Pac. Corp. v. Carter*, 265 S.W.3d 107, 114 (Ark. 2007) (no predominance on nuisance claims for alleged chemical, gas, and vapor contaminants); *Aprea v. Hazeltine Corp.*, 247 A.D.2d 564, 565 (N.Y. Ct. App. 1998) (causation and damages prevent class certification for claims alleging loss of use and diminution in property value).

9

property from the source of the trouble; and many other factors may have a bearing upon a determination of whether the acts of defendant constitute a nuisance to plaintiff as distinguished from the general public. The mere fact that it has been established that the operation of the canning factory constituted a nuisance as against someone else is not sufficient to establish that it also constituted a recoverable nuisance as against this plaintiff.

*Hill*, 109 N.W.2d at 753; (Mem. at 11).

Based on this individualized burden of proof for the emission claim, the Minnesota Supreme Court held that judgments obtained by the plaintiff's neighbors against the same defendant, for harms allegedly caused by defendant's noxious emissions, could not be used by any other plaintiff. As the Supreme Court put it, the fact "that it has been established that the operation of the canning factory constituted a nuisance as against someone else is not sufficient to establish that it also constituted a recoverable nuisance as against this plaintiff." *Hill*, 109 N.W.2d at 753-54.

In no uncertain terms, Minnesota's highest court has ruled that the very premise of class actions—where claims of some who are similarly situated can be proven by others against the same defendant—does not apply to emissions cases under Minnesota law. The *Hill* decision appears to be unique among state court jurisdictions, which explains the complete absence of any emission claims being certified as a class action under Minnesota law.

Though *Hill* is dispositive of the nuisance claim, Plaintiffs relegate their discussion of *Hill* to a footnote, and attempt to distinguish it on technicalities. (*See* Opp. at 12, n. 3.) Plaintiffs claim that *Hill*'s precedential value is limited to the narrow procedural ground of issue preclusion. But *Hill* has been cited numerous times for

broader nuisance principles, not merely on issue preclusion.  *See, e.g.*, *Bradley v. Haislet*, A20-1207, 2021 WL 2793723, at *6 (Minn. Ct. App. July 6, 2021); *see also Keech*, 2019 WL 79005, at *3. The broad holding in *Hill* is that nuisance demands individual proof. The requirement for individual proof defeated collateral estoppel in *Hill* and it cannot satisfy Rule 23 here. The Supreme Court did not force the plaintiff in *Hill* to individually prove her nuisance emission claim because it found that her claim was not "identical" to her neighbors' claims; it forced her to prove her own claim because the nature of the substantive cause of action required it under Minnesota law. 109 N.W.2d at 753-55. It necessarily follows that, since common proof of nuisance cannot be used by a different plaintiff in a different action, common proof of nuisance cannot be used by scores of putative class members in the same action.[9]

Plaintiffs' attempt to nitpick the numerous in-state or in-circuit, on-point cases[10] casts their own lack of supporting precedent in sharp relief. They produce no case in

---

[9] Plaintiffs also attempt to cabin *Hill* as addressing "a failure to distinguish public nuisance from a private one." (Opp. at 12, n. 3.) But Plaintiffs miss the import of this distinction. As *Hill* explained, common proof actually might suffice for public nuisance: "It may well be that once it is established that a public nuisance exists such determination would be effective as to everyone." *Id*. at 753. By contrast, *Hill* observed, common proof does *not* support private nuisance: "[i]n the field of a private nuisance, it must be shown in each case that the operation of the thing claimed to be a nuisance is such a nuisance as to him that he is entitled to recover damages." *Id*. 753–54.

[10] Plaintiffs' attempts to distinguish *Ebert* and *Hill* continue to the other cases cited by Marathon. Plaintiffs argue *Smith*, 801 F.3d 921, 927 (8th Cir. 2015) does not apply because the decision came after discovery. But again, like *Ebert*, *Smith* was decided before *Donelson*; and again, like in *Ebert*, the Eight Circuit held that a district court abused its discretion in certifying the class. The issue was not close, and it did not depend on the facts in discovery.  Similarly, in *Webb v. Exxon Mobil Corp.*, 856 F.3d 1150, 1156 (8th Cir. 2017), class certification was denied because the case turned on "whether the

Minnesota or the Eight Circuit where an environmental nuisance or negligence class was certified. The simplest explanation is the right one: environmental nuisance or negligence classes cannot be certified under controlling Minnesota law. And when it is legally impossible to certify a class, *Donelson* compels this court to strike the class allegations.

### B.   *Ebert* Forecloses Plaintiffs' Class Allegations.

Although it does not discuss or cite *Hill*, *Ebert* applies the logic of *Hill* in the context of a putative class action. There, neighboring property owners brought negligence and nuisance claims against General Mills alleging that the presence of vapors was lowering their property values. 823 F.3d at 476. The Eighth Circuit held that because individualized issues would predominate on the elements of causation and damages for each tort claim, no class could be certified. *Id.* at 479-80.

Plaintiffs argue *Ebert* does not apply here because the case involved groundwater contamination. (Opp. at 16.) Even if that were a meaningful distinction—and it is not[11]—it is not accurate. *See id.* at 479 ("This action is directed at TCE *in breathable air*, where both its presence and effect differ by property.") (emphasis added). Plaintiffs also contend that, in *Keech*, the district court found *Ebert* "unconvincing." (Opp. at 16.) This is both irrelevant and inaccurate. Irrelevant because it is *Ebert*, not *Keech*, that supplies the rule of decision for this Court. Inaccurate because the court in *Keech* found *Ebert* to

---

putative class members have suffered the same injury." 856 F.3d at 1156. Plaintiffs argue this does not apply because it was not a nuisance case, but it was a case for environmental harm to landowners and based its holding heavily on *Smith*, which addressed claims of nuisance and negligence. *Id*.

[11] As a matter of common sense, issues of causation and damages related to air emissions are equally if not more complex than groundwater contamination.

172351501

be the "strongest support" for the defendant's motion to strike. *Keech*, 2019 WL 79005 at *4. Indeed, *Keech* distinguished *Ebert* solely on the basis that the decision came after discovery, *id.*, and relied on it as the basis for some of its conclusions referenced above that class certification was "highly unlikely"—the same conclusions that today would require striking the class allegations under *Donelson*. Regardless, Plaintiffs must concede that the relevant holding from *Ebert* is based on its analysis of the *legal elements* of nuisance and negligence claims, not on any evidence in the record before it.

Like *Hill*, *Ebert* is squarely on point and forecloses Plaintiffs' class allegations. Applying *Ebert* here, this Court can determine, based solely on the pleadings, that the causation and harm elements of Plaintiffs' tort claims require individualized proof—the "property by property" assessment noted in *Donelson.* For example:

- Like in *Ebert*, this Court must resolve the issue of "whether vapor contamination, if any, threatens or exists on each individual property as a result of [Defendant's] actions, and, if so, whether that contamination is wholly, or actually, attributable to Defendant] in each instance." *See* 823 F.3d at 479.

- Like in *Ebert*, Plaintiffs must prove that *each* property is contaminated in *each* instance. *See id*.

- Like in *Ebert*, this Court must consider whether there are other potential sources of contamination. *See id*.

- Like in *Ebert*, the Court must inquire into whether properties have "unique conditions and features" that make vapor intrusion possible or, alternatively, whether mitigation has occurred. *See id.*

These are just "a few" of the many individual issues that "necessarily must be adjudicated to resolve the heart of the matter." *See id*. Again, the Eighth Circuit did not analyze or rely on any discovery or record evidence in determining what plaintiffs needed to prove

under governing Minnesota law. Simply put, like the vapor intrusion in *Ebert*, the "presence and effect" of Refinery emissions at issue "differs by property," and must be determined individually. *See id.*

Similarly, Plaintiffs' alleged damages are necessarily individual. (Mem. at 16-18.) Plaintiffs once again fail to make a *prima facie* case that they have some method to overcome this issue. If Plaintiffs cannot present a "methodology" meshing the liability case and the damages calculation, "[q]uestions of individual damage calculations will inevitably overwhelm questions common to the class." *Comcast Corp. v. Behrend,* 569 U.S. 27, 34 (2013).[12] Instead, they repeat their arguments about prematurity, and rely on an Iowa case for formulaic damages. (Opp. at 21.)  But this underlines the primacy of state law in this inquiry. Iowa measures nuisance by a state-specific "objective" standard, and thus Iowa courts have developed "formulaic damages." *See Freeman v. Grain Processing Corp.*, 895 N.W.2d 105, 113 (Iowa 2017). Minnesota law recognizes neither doctrine.

Finally, Marathon's defenses to Plaintiffs' claims will also necessarily vary by property. The statute of limitations defense is but one example. The Refinery has been located on the present site since 1939. At least some putative class members would have

---

[12] Several of Plaintiffs' out-of-state cases pre-date *Comcast* and explicitly recognized that the property-based damages the plaintiffs were seeking to recover raised individualized issues that could not be litigated on a classwide basis and would require separate "mini trials" on damages. (Opp. at 7-9) (citing *Stanley v. U.S. Steel Co.*, No. 04-74654, 2006 WL 724569 (E.D. Mich. Mar. 17, 2006); *Ponca Tribe of Indians v. Cont'l Carbon Co.*, No. CIV-05-445-C, 2007 WL 28243, (W.D. Okla. Jan. 3, 2007); *Collins v. Olin Corp.*, 248 F.R.D. 95 (D. Conn. 2008); *Turner v. Murphy Oil USA, Inc.*, 234 F.R.D. 597 (E.D. La. 2006)). After *Comcast*, the need for damages mini-trials in these cases would likely preclude certification.

172351501

been experiencing the alleged nuisance for decades. The time bar for Plaintiffs' nuisance and negligence claims will operate differently for each property and will necessitate individual inquiries as to each property owner. Indeed, the *Ebert* court noted that questions regarding when any particular class member acquired their property—which will be an issue for a statute of limitations defense—is necessarily an individual inquiry. 823 F.3d at 479.

In short, under both *Ebert* and *Hill*, multiple elements of Plaintiffs' claims are not subject to common proof. No amount of discovery can cure the legal defect that is apparent from a comparison of the elements of the claim to the common proof requirements of Rule 23.

## III.   Plaintiff's Grab Bag of Ancillary Claims Cannot Satisfy Rule 23.

Plaintiffs' complaint also seeks to certify classes under Rules 23(b)(1) and (b)(2), which they barely bother to defend. These too should be stricken, as those proposed classes run into the same problem as the Rule 23(b)(3) class: they require individualized proof.

Plaintiffs' class also does not qualify under Rule 23(b)(1) because there is no danger of inconsistent relief. (Mem. at 21-22.) Despite labelling Marathon's arguments as "misleading and nonsensical" (Opp. at 22), Plaintiffs continue to make no allegations to support a Rule 23(b)(1) class. Instead, Plaintiffs rest on the conclusory assertion that that Rule 23(b)(1) "is easily satisfied." *Id*. That is not enough. The sole support Plaintiffs offer for this point is Paragraphs 52 and 57 of their complaint, which are each boilerplate

172351501

re-statements of the rule with no reference to anything in this case that could ever lead to inconsistent adjudication.

Similarly, Plaintiffs cannot certify a Rule 23(b)(2) class. Plaintiffs do not dispute that Rule 23(b)(2) imposes a "more stringent" cohesiveness requirement than the predominance requirement of Rule 23(b)(3). (Mem. at 23). For the same reason Plaintiffs' claims cannot meet the requirements of Rule 23(b)(3), they cannot meet the more rigorous requirements of Rule 23(b)(2): under Minnesota law, Plaintiffs have individual claims that require individual proof. Plaintiffs do not even address the fact that Rule 23(b)(2) classes can be certified only if monetary relief is "incidental" to the injunction. Here, the monetary claims are not incidental. Plaintiffs seek individualized awards of monetary damages, and that is not authorized by Rule 23(b)(2). *See Ebert*, 823 F.3d at 480-81 (rejecting certification of 23(b)(2) class for alleged emissions.)

Plaintiffs' final Hail Mary is to ask for leave to amend so they can try to create smaller subclasses divided by issue, type of home, location, or some other metric. (Opp. at 4 n. 2.) Contrary to Plaintiffs' assertion, Marathon has not waived argument against class narrowing. Marathon argues that it is impossible to certify a class of *two.* (*See* Mem. *passim*.) This necessarily includes any possible sub-class Plaintiff could conjure. On the substance, this Court should reject the "shrink it until it fits" approach that was explicitly overruled in *Ebert*: "The district court's narrowing and separating of the issues ultimately unravels and undoes any efficiencies gained by the class proceeding because many individual issues will require trial." 823 F.3d at 479. The requirement of individual proof

172351501

precludes class certification of any size. No amendment can cure the defects in Plaintiffs' complaint.

<u>**CONCLUSION**</u>

The Eighth Circuit has provided clear instruction on when motions to strike must be granted: when it is apparent the legal elements of a claim require individual proof. It is apparent now, based on Plaintiffs' complaint, that their environmental tort claims will require individual proof. Courts in Minnesota and the Eight Circuit have established that nuisance and negligence claims alleging environmental contamination require individual proof. No discovery is necessary to corroborate this black letter law. The Court need only apply those precedents to strike the class allegations in this suit. Marathon respectfully requests that the Court grant its motion to strike.

Dated:  February 9, 2022

/s/ Andrew W. Davis
Matthew J. Salzman (admitted *pro hac vice*)
STINSON LLP
1201 Walnut Street, Suite 2900
Kansas City, MO 65106-210
Telephone: (816) 842-8600
matt.salzman@stinson.com

Andrew W. Davis (#0386634)
Joshua K. Poertner (#0401056)
Claire M. Williams (#0400309)
STINSON LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN  55402
Telephone: (612) 335-1500
andrew.davis@stinson.com
joshua.poertner@stinson.com
claire.williams@stinson.com

**ATTORNEYS FOR DEFENDANTS**

172351501